IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YIWU MENGWEN TRADING CO., LTD., YIWU MINGFAN TRADING COMPANY, AND YIWU CITY LIUHUA TRADING CO. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY TRAINING INTL LIMITED,<br><br>Defendant. | Civil Action No. 1:20-cv-6579<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Yiwu Mengwen Trading Co., Yiwu Mingfan Trading Company, and Yiwu City LiuHua Trading Co. Ltd. ("Plaintiffs"), for their Complaint for Declaratory Judgment against Defendant Beauty Training Intl Ltd. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and the Trademark Laws of the Unites States, 15 U.S.C. §1114 *et seq.*, in which Plaintiffs seek a declaratory judgment of non-infringement of U.S. Trademark Registration No. 5,116,183 (the "Trademark-in-Suit") against Defendant.

2. Furthermore, Plaintiffs seek a judgment that Defendant has tortiously interfered with Plaintiffs' contractual relationship and that Defendant has tortiously interfered with Plaintiffs' prospective business expectancy pursuant to the common law of the state of Illinois.

## PARTIES

3. Plaintiff Yiwu Mengwen Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China.

1

4. Plaintiff Yiwu Mingfan Trading Company is a company organized and existing under the laws of the People's Republic of China.

5. Plaintiff Yiwu City LiuHua Trading Co. Ltd. is a company organized and existing under the laws of the People's Republic of China.

6. Upon information and belief, Defendant Beauty Training Intl Ltd. is a company organized and existing under the laws of the United Kingdom, with a principal place of business located at Manor Road, Haverhill, Suffolk, United Kingdom, CB9 0EP. Defendant may be served pursuant to 15 U.S.C. §1058(f) through its designated domestic representative with the U.S. Patent and Trademark Office ("USPTO"): Harris A. Wolin, Myers Wolin, LLC, 100 Headquarters Plaza, North Tower, 6th Floor, Morristown, NJ, 07960.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1338(a), and 2201(a).

8. On information and belief, the U.S. District Court for the Northern District of Illinois has personal jurisdiction over Defendant because Defendant has constitutionally sufficient contacts with Illinois and this District so as to make personal jurisdiction proper and Defendant has committed the acts complained of herein within this District. Furthermore, on information and belief, Defendant owns and/or controls the Amazon.com storefront EssentialNails, through which it sells products covered by Defendant's U.S. Trademark Registration No. 5,116,183 within the United Sates on its Amazon.com storefront. Furthermore, Defendant has sold and/or offered for sale products within the forum state.

9. Venue is proper in this district under 28 U.S.C. §§1391(b)(2) and 1391(c)(3) because Defendant is a foreign entity with no residence or regular and established place of business

in the United States and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

10. Joinder is proper pursuant to Fed. R. Civ. P. 20 as Plaintiffs' claims involve the same series of transactions and involve common questions of law or fact. Plaintiffs' products, which are identical, have all been accused by Defendant of infringing the Trademark-in-Suit via the Amazon.com platform's intellectual property dispute system and Plaintiffs seek a judicial declaration that these identical products do not infringe the Trademark-in-Suit.

## U.S. TRADEMARK REGISTRATION NO. 5,116,183

11. United States Trademark Registration No. 5,116,183 is a design mark, "comprised of a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits" (as shown below). Certificate of U.S. Trademark Registration No. 5,116,183.



"The broken lines depicting the mannequin hand with visibly jointed digits having a tubular element attached thereto *indicate placement of the mark on the goods and are NOT part of the mark.*" *Id.* (emphasis added). In other words, Defendant's trademark is ONLY the center figure in solid lines (as shown below).

<a>
</a>
<a>
</a>
<a>
</a>
<a>
</a>



12. A true and correct copy of the Certificate of U.S. Trademark Registration No. 5,116,183 is attached hereto as Exhibit A.

13. Defendant filed an application for U.S. Trademark Serial No. 86,630,765 for goods in International Class 20 pursuant to 15 U.S.C. §1051(a), on May 15, 2015.

14. Defendant obtained U.S. Trademark Registration No. 5,116,183 by the United States Patent and Trademark Office on January 3, 2017.

15. Defendant is the purported owner of the Trademark-in-Suit, with exclusive rights in and to the Trademark-in-Suit in the United States.

16. The purported date of first use of the Trademark-in-Suit in U.S. commerce is 1998.

17. On information and belief Defendant sells nail training practice hands which encompass the Trademark-in-Suit via its EssentialNails storefront at Amazon.com.

## GENERAL ALLEGATIONS

18. Plaintiffs sell a practice hand training product for nail manicures online through marketplaces such as ROCOCO, TIJERAS, and SMITH CHU storefronts respectively at Amazon.com and have enjoyed considerable commercial success. Images depicting Plaintiffs' Accused Product are attached hereto as Exhibit B.

19. Plaintiffs' nail training practice hand product has its own trademark registrations. For example, Plaintiffs' products are sold under the brands SMITH CHU (U.S. Trademark

Registration No. 5289447); TIJERAS (U.S. Trademark Registration No. 5447184); and ROCOCO (U.S. Trademark Registration No. 5492168), respectively.

20. Plaintiffs' Amazon.com sales are conducted under the Amazon Services Solutions Agreement.

21. As previously noted, Defendant is the purported record owner of the Trademark-in-Suit — a design mark "comprised of a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits" *See* Exhibit A.

22. As clearly stated in the certificate of registration of the Trademark-in-Suit issued by the United States Patent and Trademark Office, the "three-dimensional configuration of mannequin hand with visibly jointed digits" is NOT part of Defendant's Trademark-in-Suit. *See* Exhibit A ("The broken lines depicting the mannequin hand with visibly jointed digits having a tubular element attached thereto indicate placement of the mark on the goods and are not part of the mark.").

23. Between October 2 to October 14, 2020, Defendant filed multiple complaints of trademark infringement with Amazon.com, including Plaintiffs. It wrongfully alleges that Plaintiffs' nail training practice hand product (sold under Amazon ASINs: B07FFWBD7R, B07DFCJ5MP, B08865J373, B07QBN9YFT, B08BHVMGNR, B08CB3ST69, and B08C7SKBGQ) (the "Accused Product") infringes the Trademark-in-Suit. A copy of exemplary complaints are attached hereto as Exhibits C and D.

24. In its complaints to Amazon, Defendant improperly uses the disclaimed feature of the Trademark-in-Suit — *i.e.*, the "three-dimensional configuration of mannequin hand with visibly jointed digits" — to wrongfully accuse Plaintiffs of infringement.

25. As such, at the time of the filing its complaints with Amazon.com, Defendant was aware that the Accused Product did not and does not infringe the Trademark-in-Suit.

26. By filing a complaint for trademark infringement with Amazon.com against Plaintiffs alleging infringement of the Trademark-in-Suit, Defendant is and has made allegations that are objectively false and in bad faith, with complete knowledge of their incorrectness. Defendant's infringement complaint is a clear abuse of the trademark law.

27. As a result of Defendant's conduct in making infringement allegations that are objectively false and in bad faith, Amazon.com has removed Plaintiffs' listings of the Accused Product, which has caused substantial harm to Plaintiffs' business operations.

28. An actual and justiciable controversy exists between the parties concerning whether Plaintiffs' Accused Product identified by Defendant in its complaint to Amazon.com, infringes the Trademark-in-Suit.

29. Furthermore, an actual and justiciable controversy exists between the parties as to whether Defendant tortiously interfered with Plaintiffs' contractual relationship with Amazon.com, Inc., and whether Defendant tortiously interfered with Plaintiffs' prospective business expectancy.

30. Plaintiffs now seek a declaratory judgment of non-infringement of the Trademark-in-Suit, as well as a judgment that Defendant has tortiously interfered with Plaintiffs' contractual relationships with Amazon.com, Inc., and tortiously interfered with Plaintiffs' prospective business expectancy.

## COUNT I
## NON-INFRINGEMENT OF THE TRADEMARK-IN-SUIT

31. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

32. Through its complaint for trademark infringement filed with Amazon.com, Defendant has asserted that Plaintiffs have infringed the Trademark-in-Suit.

33. As a result of Defendant's false allegations of trademark infringement of the Trademark-in-Suit, an actual and justiciable controversy exists between the parties hereto regarding Plaintiffs' right to continue selling, offering for sale, distributing, and/or advertising the Accused Product.

34. The sale, offering for sale, distribution, and/or advertising of the Accused Product does not infringe the Trademark-in-Suit.

35. The Trademark-in-Suit consists of a design mark "comprised of a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits". *See* Exhibit A. As clearly stated in the certificate of registration of the Trademark-in-Suit issued by the United States Patent and Trademark Office, the "three-dimensional configuration of mannequin hand with visibly jointed digits" is NOT part of Defendant's Trademark-in-Suit. *Id*.

36. In other words, the Trademark-in-Suit only consists of "a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto" (shown below). *Id*.



37. The Accused Product does not use Defendant's Trademark-in-Suit. The Accused Product is sold under Plaintiffs' registered trademarks SMITH CHU (U.S. Trademark Registration

No. 5289447); TIJERAS (U.S. Trademark Registration No. 5447184); and ROCOCO (U.S. Trademark Registration No. 5492168).

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs respectfully request a declaration by this Court that the sale, offer for sale, distribution, and/or advertisement of the Accused Product does not and will not infringe the Trademark-in-Suit.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT

39. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

40. Plaintiffs and Amazon.com, Inc. had valid and enforceable contractual relationships via Amazon.com, Inc.'s Amazon Services Business Solutions Agreement.

41. Defendant was aware of Plaintiffs' contractual agreements with Amazon.com as it knew Plaintiffs offered the Accused Product for sale on Amazon.com as Amazon sellers.

42. As shown below, Plaintiffs' Accused Product does not include "a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits." *See also* Exhibit B.



43. Defendant intentionally and unjustifiably induced Amazon.com, Inc. to breach its agreements with Plaintiffs by filing its false and misleading trademark infringement claims against Plaintiffs, with full knowledge that Trademark-in-Suit was not infringed by Plaintiffs' product, as the Accused Product does not include "a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits." *See* Exhibit A.

44. Amazon.com, Inc. did in fact breach its agreements with Plaintiffs as a result, removing Plaintiffs' products from its marketplace.

45. As a result of Defendant's false and misleading infringement claims, Amazon.com, Inc. has removed Plaintiffs' product listings from their Amazon.com marketplace, thereby causing economic and financial harm to Plaintiffs.

**COUNT III**
**TORTIOUS INTERFERENCE PROSPECTIVE BUSINESS EXPECTANCY**

46. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

9

47. Plaintiffs had a reasonable expectation of entering into a valid business relationship with Amazon.com and with the consuming public via its online marketplace platform.

48. Defendant was fully aware of Plaintiffs' expectations as it knew Plaintiffs sold their products on the Amazon.com platform, as shown by Defendant's objectively false infringement claims.

49. Defendant purposefully interfered with Plaintiffs' prospective business relationships by filing its false and misleading claims for trademark infringement with Amazon.com, Inc., with full knowledge that the Trademark-in-Suit was not infringed by Plaintiffs' product as the Accused Product does not include "a shape of a semicircle attached to a rectangle and two horizontally elongated ovals depicted beneath thereto located on a three-dimensional configuration of mannequin hand with visibly jointed digits." *See* Exhibit A

50. As a result of Defendant's false and misleading infringement claims, Amazon.com, Inc. has removed Plaintiffs' product listings from their Amazon.com marketplace, thereby causing economic and financial harm to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment as follows:

a. A declaration that Plaintiffs have not and will not infringe the Trademark-in-Suit;

b. A judgment against Defendant and in favor of Plaintiffs that Defendant has tortiously interfered with Plaintiffs' contractual relations;

c. A judgment against Defendant and in favor of Plaintiffs that Defendant has tortiously interfered with Plaintiffs' prospective business relationships;

d. An award of all reasonable attorneys' fees and cost incurred in this action authorized under the statutes to the extent applicable; and

e. Further relief as the Court may deem just and proper.

DATED November 5, 2020.   Respectfully submitted,

By: */s/ David R. Bennett*
David R. Bennett
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com

Of Counsel:
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFFS YIWU MENGWEN TRADING CO., YIWU MINGFAN TRADING COMPANY, AND YIWU CITY LIUHUA TRADING CO. LTD.**